UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Leyla Gallardo, individually and on behalf all other
employees similarly situated,

                       Plaintiff,

          - against -

 PS Chicken Inc. d/b/a La Casa del Pollo Peruano, Percy
Tan, Ernesto Fernandez and David Sigcha

                       Defendants.

Case No.

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

Plaintiff Leyla Gallardo ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants  PS Chicken Inc. d/b/a La Casa del Pollo Peruano, Percy Tan, and Ernesto Fernandez (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wages.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unlawful retention of tips (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (3) unlawful gratuities deductions (4) liquidated damages equal to the sum of unpaid minimum wage pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

5. **JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

8. Plaintiff Leyla Gallardo is a resident of Queens and was employed as a waitress by Defendants PS Chicken Inc. d/b/a La Casa del Pollo Peruano, with principal place of business at 94-09 Roosevelt Ave, Flushing, NY 11372 from July, 2011 to Present.

## CORPORATE DEFENDANT

9.     Upon information and belief, Defendant, PS Chicken Inc. d/b/a La Casa del Pollo Peruano, is a domestic business corporation organization and existing under the laws of the State of New York and maintaining its principal place of business at 94-09 Roosevelt Ave, Flushing, NY 11372, is engaged in commerce in the United States and is otherwise subject to the FLSA with restaurants in the following locations:

       a.   94-09 Roosevelt Ave, Flushing, NY 11372

       b.   87-07 Roosevelt Ave, Jackson Heights, NY 11372

       c.   81-18 Roosevelt Ave, Jackson Heights, NY 11372

       d.   4119 National St, Flushing, NY 11368

10.     Upon information and belief, at all times relevant hereto, Corporate Defendant, is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

13.     Corporate Defendant have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

14.     Upon information and belief, Defendant  Percy Tan is the owner, officer, director and/or managing agent of  PS Chicken Inc. d/b/a La Casa del Pollo Peruano at 94-09 Roosevelt

Ave, Flushing, NY 11372 and participated in the day-to-day operations of PS Chicken Inc. d/b/a La Casa del Pollo Peruano, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with PS Chicken Inc. d/b/a La Casa del Pollo Peruano.

15. Upon information and belief, Defendant Percy Tan owns the stock of PS Chicken Inc. d/b/a La Casa del Pollo Peruano and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

16. Upon information and belief, Defendant Ernesto Fernandez is the owner, officer, director and/or managing agent of PS Chicken Inc. d/b/a La Casa del Pollo Peruano at 94-09 Roosevelt Ave, Flushing, NY 11372 and participated in the day-to-day operations of PS Chicken Inc. d/b/a La Casa del Pollo Peruano, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with PS Chicken Inc. d/b/a La Casa del Pollo Peruano.

17. Upon information and belief, Defendant Ernesto Fernandez owns the stock of PS Chicken Inc. d/b/a La Casa del Pollo Peruano and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

18. At all times relevant herein, PS Chicken Inc. d/b/a La Casa del Pollo Peruano, were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by PS Chicken Inc. d/b/a La Casa del Pollo Peruano

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

21.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

22.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

23.     Defendants knew that the nonpayment of minimum wages, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

**Plaintiff Leyla Gallardo**

24.     From July, 2011 to Present Plaintiff was hired by Defendants to work as a waitress for Defendants' restaurant located at 94-09 Roosevelt Ave, Flushing, NY 11372.

25.     During this period, Plaintiff had an alternating schedule, her scheduled consisted of

a.   Monday, Thursday, Friday, Saturday and Sunday from 12:30 p.m. to 9:30 p.m. with an hour break. With this schedule, Plaintiff worked at least Forty (40) hours a week; or

b.   Tuesday, Wednesday, Friday, Saturday and Sunday from 12:30 p.m. to 9:30 p.m. with an hour break. With this schedule, Plaintiff worked at least Forty (40) hours a week.

26. From approximately July, 2011 until July, 2013 Plaintiff received an hourly pay of $5.50 an hour. From approximately July, 2013 until January, 2016 Plaintiff received an hourly pay of $7.50 an hour. From approximately January, 2016 until Present Plaintiff receives an hourly pay of $8.50 an hour.

27. The applicable minimum wage for the relevant periods are:

     a. July 2011 to December 30, 2013 period was $7.25 per hour.

     b. December 31, 2013 to December 30, 2014 period was $8.00 per hour.

     c. December 31, 2014 to December 30, 2015 period was $8.75 per hour.

     d. December 31, 2015 to December 30, 2016 period was $9.00 per hour.

     e. December 31, 2016 to the present period is $11.00 per hour.

28. During all relevant periods above, Plaintiff received tips from the customers. However, Defendants illegally deducted approximately $87.50 per week from Plaintiff's tips and distributed the tips to the kitchen staff, who were non-tipped employees.

29. Defendants informed Plaintiff at the time of hire that they deduct $17.50 a day from tips earned in order to distribute to traditionally non-tipped employees including the cooks, dishwashers and cashiers. When Plaintiff asked said employees how much they have been receiving from those tips they each informed her that they have never received any tips and they are not sure what the owner is doing with the money.

30. Furthermore, in the event Plaintiff was sick and/or unable to attend work on a scheduled day, Defendants would deduct $24.00 from the tips earned on Plaintiff's next working day instead of the mentioned $17.50.

31. Defendants did not provide Plaintiff with tip credit notice at time of hire or anytime thereafter.

32.     During Plaintiff's employment, Plaintiff observed Defendant requiring all undocumented employees to work hours longer than 10 hours per day and 6 days a week. Defendants did not compensate said employees overtime compensation according to state and federal laws.

33.     Defendants did not provide Plaintiff with a wage notices at the time of her hiring.

34.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

35.     Defendants knew that the nonpayment of minimum wages would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

36.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees minimum wages.

37.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

38.     In violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA minimum wage rate, the FLSA overtime rate (of time and one-half), the New York State minimum wage rate, or the New York State overtime rate (of time and one-half).

39.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to Plaintiffs and other similarly situated employees.

40.     Through entry of judgment in this case (the "Collective Action Period"), Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant for up to the last three (3) years, who were not paid minimum wages, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), who have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention of federal and state labor laws.

41.     Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 10 Collective Action Members who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

42.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43.     This action should be certified as Collective Action because the prosecution of separate actions by individual members of the Collective Action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would, as a practical matter, be dispositive of the interests of Members who are not parties to the adjudication, or subsequently impair or impede their ability to protect their interests.

44.     A Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

45.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a.   whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b.   whether the Defendants failed to pay the Collective Action Members statutory minimum wages required by the FLSA and the NYLL;

   c.   whether the Defendants filed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. whether the Defendants failed to pay the Collective Action Members spread of hours compensation for each day an employee worked over 10 hours;

e. whether the Defendants required the Collective Action Members to pay for tools of the trade that the FLSA actually requires employers to pay;

f. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

g. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

46. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their restaurant doing business as La Casa del Pollo Peruano on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

49. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held,

and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Rule 23.

50. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than 10 members of the class.

51. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay statutory minimum wages, overtime compensation, spread of hours pay, expenses related to tools of the trade, wage notice violations, and pay stub violations. Defendants' corporation-wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

52. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiff in both class action and wage and hour employment litigation cases.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims

because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

55. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. whether Plaintiff and Class members are entitled to minimum wages under the NYLL;

c. whether Plaintiff and Class members are entitled to overtime under the NYLL;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread of hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL; and,

f. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

**STATEMENT OF CLAIMS**

**COUNT I**

**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff, the FLSA Collective, and the Class]**

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

58.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

59.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

60.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

61.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

62.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

63.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of the Plaintiff, the FLSA Collective, and the Class]

64.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. At all relevant times, plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

67. Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

### COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

70. Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IV
### [Violation of New York Labor Law—New York Pay Stub Requirement]

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

73.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

74.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT V
### [Violation of the Fair Labor Standards Act — Improper Retention of Tips
### Brought on behalf of Plaintiffs and the FLSA Collective]

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

77.     The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

78.     Upon information and belief, Defendants did not allow Plaintiffs and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiffs and the FLSA Collective.

79.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

80.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

81.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## COUNT VI
### [Violation of New York Labor Law Unlawful —Retention Gratuities Under NYLL]

82.     Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

83.     At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NYLL §§ 2 and 651.

84.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

85. Defendants retained part of Plaintiff's gratuities for unauthorized purpose in violation of NYLL § 196-d.

86. Defendants' retention of Plaintiff's gratuities was willful.

87. Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal to one quarter of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of herself and the FLSA collective members and class members, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against all Corporate Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid minimum wages due under FLSA and New York Labor Law;

i) An award of unlawfully retained gratuities;

j) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wage compensation pursuant to 29 U.S.C. §216;

l) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay minimum wage compensation pursuant to New York Labor Law;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York June 19, 2017        HANG & ASSOCIATES, PLLC.

/S/ JIAN HANG                                        
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
Attorneys for Plaintiff

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by La Casa Del Pollo Peruano. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

LEYLA GALLARDO
Full Legal Name (Print)

Signature

06/15/2017
Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:  Percy Tan and Ernesto Fernandez

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Leyla Gallardo, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  PS Chicken Inc. d/b/a La Casa del Pollo Peruano for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: June 19, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

   PS Chicken Inc. d/b/a La Casa del Pollo Peruano
94-09 Roosevelt Ave.
Flushing, NY 11372

     PLEASE TAKE NOTICE, that Leyla Gallardo, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

     Dated: June 19, 2017