UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
LEYLA GALLARDO,

        Plaintiff,                        O R D E R

    -against-                          17 CV 3702 (RML)

PS CHICKEN INC. *doing business as*
*La Casa del Pollo Peruano, et al.*,

        Defendants.
----------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case raises important issues concerning judicial review of settlements in combined Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") wage and hour actions.  On November 2, 2017, the parties to this action (originally filed on June 19, 2017) informed the court that they had reached a settlement in principle.  (See Minute Entry, dated Nov. 2, 2017.)  One month later, they reported that the case had indeed settled and that an agreement was circulating for signature.  (See Status Report, dated Dec. 4, 2017, Dkt. No. 14.)  I ordered the parties to submit that agreement to the court for review and approval by January 5, 2018.  (Order, dated Dec. 5, 2017.)  The parties thereafter consented to magistrate judge jurisdiction in this case, but failed to file their motion to approve the settlement as directed.  Instead, they filed a stipulation of dismissal without prejudice.  (Stipulation of Dismissal Without Prejudice, dated Dec. 20, 2017, Dkt. No. 16.)

        After I ordered counsel to explain their failure to file such a motion and the status of the case, defendant's counsel filed a status report that stated that the parties had agreed to a separate settlement of their state-law NYLL claims and "codified such in an agreement."  (Status Report, dated Jan. 9, 2018, Dkt. No. 17.)  Counsel further wrote that "[i]t was agreed among the parties to have the entire matter withdrawn without prejudice.  As the case is withdrawn, there is

no need to impose upon the Court for any further assistance." (Id.) I construe this somewhat cryptic letter as making two contentions: first, that because the dismissal of the FLSA claims was without prejudice, court review and approval of the dismissal is not required; second, that court review and approval of settlements of NYLL claims that were originally brought together with FLSA claims is not necessary.

In Cheeks, the Second Circuit focused on dismissals with prejudice but explicitly left open the question of whether dismissals without prejudice may proceed without court approval. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 n.2 (2d Cir. 2015) ("As it is not before us, we leave for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice.") Since Cheeks, some courts have taken the position that because review of dismissals without prejudice is not required, parties may file a stipulation of dismissal without prejudice and avoid Cheeks review. See, e.g., Martinez v. SJG Foods LLC, No. 16 CV 7890, 2017 WL 2169234, at *3 (S.D.N.Y. May 16, 2017). Other courts have held that review is not required where there is no "concrete evidence that plaintiff has either been coerced into withdrawing his claims or received compensation in return for a dismissal." Dawidowicz v. Black Square Builders Corp., No. 15 CV 7380, 2016 WL 7665417, at *5 (E.D.N.Y. Nov. 8, 2016).

However, several courts *have* undertaken review of dismissals of FLSA claims without prejudice, finding that "[a]lthough Cheeks does not require judicial review when a settlement dismisses a case without prejudice, Cheeks also does not preclude such review." Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016).

2

One court in this district recently concluded that Cheeks review was indeed appropriate for stipulations of dismissal without prejudice, noting that, until the Second Circuit resolves the issue, "the district court must be guided, first and foremost, by the policy considerations underlying Cheeks." Carson v. Team Brown Consulting, Inc., No. 16 CV 4206, 2017 WL 4357393, at *1 (E.D.N.Y. Sept. 29, 2017).

There are three reasons why reviewing dismissals without prejudice best serves the policy considerations underlying Cheeks, i.e., the potential for abuse in FLSA settlements. See Cheeks, 796 F.3d. at 206–07. First, dismissals that appear on their face to be "without prejudice" may, on closer inspection, prove not to be. See, e.g., Lopez, 2016 WL 6156199, at *1 n.1 ("The Stipulation of Dismissal purports to dismiss the case without prejudice. The Court notes, however, that under the terms of both the original Settlement Agreement and the Modified Settlement Agreement, Plaintiff agrees to 'irrevocably and unconditionally' release Defendants from 'any and all claims asserted in or related to [this] Action.'") (internal citations omitted). Second, even where a dismissal without prejudice does not explicitly preclude a plaintiff from reviving his or her claims, "the potential preclusive effect of a dismissal without prejudice when coupled with the statute of limitations" could render it a "de facto dismissal with prejudice."[1] Carson, 2017 WL 4357393, at *3. Finally, dismissals without prejudice may simply be an effort to settle cases without court review. See, e.g., Seck v. Dipna Rx, Inc., No. 16 CV 7262, 2017 WL 1906887, at *1 (S.D.N.Y. May 8, 2017) (after granting dismissal without prejudice, court

---

[1] This concern is particularly important in the FLSA context because "[t]he typical FLSA plaintiff may be unaware of his ability to challenge the enforceability of a release . . . [m]oreover, even assuming a plaintiff could overcome the release provision, he might be precluded from prosecuting an action, in any event, as the statute of limitations may have run since the commencement of the initial action. This outcome is not remote given the fairly short two-year statute of limitations that governs most FLSA claims." Carson, 2017 WL 4357393, at *3 (internal citations omitted).

discovered parties had negotiated a hidden settlement agreement that fully and finally extinguished plaintiff's claims).

"Notices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in Cheeks." Carson, 2017 WL 4357393, at *4. In this case, the parties represented for two months that they were finalizing a settlement agreement for court approval, but then filed a stipulation of dismissal without prejudice, informed the court of a separate NYLL settlement, and insisted that no court review was required. Looking past the "dismissal without prejudice" label, I find that this appears to be a global settlement designed to evade this court's review, as plaintiff is apparently dropping the FLSA action in exchange for a settlement of the state claim. I find that, in light of the underlying policy considerations behind Cheeks, "to the extent that there is a quid pro quo for such a dismissal, court approval is required."[2] Martinez v. Ivy League Sch., Inc., No. 15 CV 7238, 2016 WL 3582062, at *1 (E.D.N.Y. June 28, 2016).

The second issue raised by the parties' status report is whether, in cases such as this one, the court may require review of settlements of non-FLSA claims brought together with FLSA claims. Several courts have accepted the idea of a "bifurcated" settlement in which parties settle the FLSA claim in an agreement that undergoes Cheeks review and the NYLL claim separately without Cheeks review. See Yunda v. SAFI-G, Inc., No. 15 CV 8861, 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) ("Cheeks is silent on the issue presented here, namely,

---

[2] This holding was in the context of determining whether a dismissal with prejudice made prior to the defendant's answer or motion for summary judgment, pursuant to Rule 41(a)(1)(A)(i), was subject to court review and approval—another open question unaddressed by the Cheeks decision. Ivy League Sch., 2016 WL 3582062, at *1, *2–3. The court concluded that "the reasoning in Cheeks applies with equal force" to such dismissals, insofar as "the need for employee protection applies just as much here." Id. at *3. I similarly find that the need for employee protection—and prevention of abusive terms in FLSA settlements—is no less significant in the context of dismissals without prejudice.

4

whether the limitations applicable to the settlement of an FLSA claim apply to the settlement of a parallel NYLL claim.  Because the settlement of the FLSA claim is subject to the same review that is applicable in cases where there is a single settlement agreement, I conclude that the mechanism proposed by the parties does not run afoul of Cheeks.  The fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require judicial approval."); Abrar v. 7-Eleven, Inc., No. 14 CV 6315, 2016 WL 1465360, *1 (E.D.N.Y. Apr. 14, 2016) ("[T]he parties propose a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against 7-Eleven for the Court's approval as fair and reasonable under Cheeks; and (ii) execute a separate settlement agreement of . . . Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under Cheeks.")  Neither of these courts, however, faced the situation presented here, where the parties claim not to have executed a settlement agreement respecting plaintiff's FLSA claims.[3]  In both of those cases, the courts had full FLSA settlement agreements before them for review and approval.

       I agree with these courts that separate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not *generally* be subject to court approval, insofar as their terms concerned only the non-FLSA claims.  My concern is that, absent an opportunity to review the NYLL settlement agreement in this case, the court has no way of knowing whether or not this is a true dismissal without prejudice.  Similarly, unless the court can review this

---

[3] Were such an agreement executed and submitted, this court could review it to see whether it contains a provision stating that it is the sole agreement between the parties as to the FLSA claims.  Such a provision might satisfy the court that review of the non-FLSA settlement agreement was not necessary.

agreement, it cannot determine whether the agreement contains other conditions relating to or otherwise affecting the FLSA claims that would be impermissible if executed in an FLSA settlement agreement.[4]

In short, the parties appear to be attempting an end-run around Cheeks. I am concerned that such a circumvention, if unchecked, could become standard practice, effectively undermining the courts' statutory obligation to oversee the settlement of FLSA claims. I therefore order the parties to submit all agreements they have executed in settlement of this action—both for the FLSA claims and the NYLL claims—to the court for a fairness review. The parties shall submit these agreements by February 1, 2018.

SO ORDERED.

Dated: Brooklyn, New York
January 25, 2018

/s/
ROBERT M. LEVY
United States Magistrate Judge

---

[4] I note that this concern was likely not an issue in Yunda because the parties in that case submitted the NYLL agreement to the court prior to the court's decision. Thus, that court had the opportunity to verify that there were no terms in the NYLL agreement that improperly affected the FLSA claims, even though it did not undertake to "examine" the NYLL settlement. See Yunda, 2017 WL 1608898, at *1–2.

6