# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

February 8, 2018

Phillipe Kim, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: pkim@hanglaw.com

**VIA ECF**
The Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

    Re:    Gallardo v. PS Chicken, Inc. d/b/a La Casa del Pollo Peruano et al.
              Case No. 1:17-cv-3702-(PKC)(RML)

Dear Judge Levy:

Plaintiff Leyla Gallardo ("Plaintiff," "Plaintiff Gallardo," or "Ms. Gallardo") and PS Chicken, Inc. d/b/a La Casa del Pollo Peruano, Percy Tan, and Ernesto Fernandez, (collectively "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

**Settlement Amount**

Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, unlawful retention of tips, failure to give a wage notice at time of hire, failure to provide paystubs, and failure to pay retained gratuities pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff Gallardo alleged that she was formerly employed as a waitress at La Casa del Pollo Peruano, a restaurant owned by Defendants. Defendants hired Plaintiff from July of 2007 to June 21, 2017. On average, Plaintiff worked forty (40) hours per week. Plaintiff at the start of her employment by Defendants received an hourly rate of $5.50. Her hourly rate gradually increased throughout her employment by Defendants, culminating in an hourly rate of $7.50. Plaintiff alleges that throughout her tenure with Defendants, Defendants illegally deducted about $87.50 per week and distributed her tips with other non-tipped employees. In addition, Plaintiff further alleges that on days she was unable to attend work, Defendants would deduct $24.00 from the tips earned on her next working day.

Additionally, even if Plaintiff's allegations are taken as true -- then her unpaid wages along with the unlawful retention of tips would total $53,522.14 before liquidated damages. The settlement is for $27,500 to be paid in lump sum. Moreover, in the course of settlement negotiations, Defendants noted that the business is facing great financial hardship. This is not unusual, as the restaurant business is extremely low-margin and is severely impacted in a difficult economic climate, especially as landlords continue to increase rent.

If Defendants were to prevail on all of their defenses, the amount of unpaid wages, and spread of hours owed to Plaintiff would be zero dollars. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimonies that: (1) Plaintiff was properly compensated for her minimum wages under the FLSA and the NYLL; (2) Plaintiff was properly compensated her tips under the FLSA and NYLL; (3) Plaintiff worked less hours and less days than she alleges; and (4) Plaintiff was given wage notices regarding Plaintiff's regular rates of pay and paystubs reflecting Plaintiff's earned salaries under the NYLL.

The gross settlement amount is $27,500.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $9,580 and settlement payment to Plaintiff of $17,920. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, unlawful retention of tips, spread of hours pay, failure to give a wage notice at time of hire, failure to provide paystubs, and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and the parties agree that the settlement is fair and reasonable.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $620 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $26,880 as attorneys' fees, which is $8,960. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically

calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $400 per hour. The associate's rate is $300 per hour. Hang & Associates, PLLC worked on this case from its onset, by researching the Defendants, drafting the Complaint and Amended Complaint, attending conferences, and engaging in extensive communications with opposing counsel to reach this settlement. We therefore respectfully submit that the attorneys' fees of 33% in this case is reasonable.

Plaintiff's Counsel and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Phillip H. Kim*
Phillip H. Kim, Esq.