UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Leyla Gallardo, individually and on
behalf of all other employees similarly
situated,

      Plaintiff,
 - against -            Docket No. 17-3702(PKC)(RML)

PSChicken Inc., d/b/a La Casa del Pollo
Peruano, Percy Tan, and Ernesto Fernandez,

      Defendants.
-----------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

    This Settlement Agreement and Release of Claims (hereinafter, "Agreement") is entered into between and among Leyla Gallardo, and her respective heirs, executors, administrators, successors, and assigns, (hereinafter jointly and collectively referred to herein as "PLAINTIFF"), and PS Chicken Inc., d/b/a La Casa del Pollo Peruano, and each La Casa del Pollo Peruano facility, including those located at each of the following locations: 94-09 Roosevelt Ave, Flushing, NY 11372, 87-07 Roosevelt Ave, Jackson Heights, NY 11372, 81-18 Roosevelt Ave, Jackson Heights, NY 11372, 4119 National St, Flushing, NY 11368 and said companies' direct or indirect successors, predecessors, parents, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as its respective current and former directors, officers, shareholders, partners, employees, assigns, and their successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individuals' heirs, executors, administrators, successors, assigns, and attorneys, including but not limited to Percy Tan and Ernesto Fernandez (hereinafter collectively referred to as "DEFENDANTS").

A.  WHEREAS, PLAINTIFF has alleged claims under the Fair Labor Standards Act of 1938, and New York State labor claims pursuant to New York State Labor Law §§ 650 et seq., 12 NYCRR 5146, New York Common Law and the New York Theft Prevention Act, in action pending in the United States District Court for the Eastern District of New York, Docket No. 17-CV- 3702 (the "Action"); and

B.  WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims in their entirety; and

C.  WHEREAS, DEFENDANTS and PLAINTIFF wish to avoid the uncertainties and expenses of the proceedings in this matter; and,

D.  In light of the foregoing, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises set forth in this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, PLAINTIFF and DEFENDANTS, intending to be legally bound, agree as follows:

1.  **Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay the cumulative sum of TWENTY-SEVEN THOUSAND FIVE HUNDRED ($27,500.00) Dollars ("settlement amount"), payable, as described below. Payment shall be as follows: By check payable to the law firm "HANG & ASSOCIATES, PLLC." Plaintiff will be responsible for any taxes due on said consideration and agrees to indemnify and hold harmless DEFENDANTS for any such liability. Payment has been delivered to Plaintiff's attorney. Said payment shall be held in escrow by Plaintiff's attorney until the Action is

dismissed in the manner provided below. Upon approval of this Settlement Agreement by the Court, the Action shall be dismissed with prejudice as per the attached Stipulation of Dismissal of the Action (Exhibit "A"). Upon the entry of dismissal the funds shall be released from escrow and distributed by Plaintiff's attorney. Should the Action not be dismissed as per the stipulation, this Agreement shall be considered null and void and the consideration paid by Defendants shall be returned.

2.  **Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims she is waiving under this Agreement and for the obligations imposed upon her by virtue of this Agreement. PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made in this Agreement.

DEFENDANTS expressly stipulate that the payment of the afore-described sums constitute adequate and ample consideration for the payments they are making under this Agreement and for the obligations imposed upon them by virtue of this Agreement.

PLAINTIFF expressly agrees and acknowledges that PLAINTIFF <u>shall</u>, forfeit the right to sue and agrees that should any such suit be commenced on her behalf that same be dismissed with prejudice, in exchange for the obligations and promises made by DEFENDANTS in this Agreement. PLAINTIFF agrees that any appropriate court shall "So Order" the dismissal in light of the instant settlement.

3.  **Releases of Claims (including FLSA claims)**

Subject to the limitation set forth herein, PLAINTIFF, voluntarily and irrevocably, releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action concerning Plaintiff's employment (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement. PLAINTIFF expressly retains and preserves her rights and claims asserted against DEFENDANTS in the case currently before the New York State Worker's Compensation Board, with case number W-cv-G1915363 (the "Worker's Comp Case"). All clauses regarding release of claims included in this Agreement shall exclude PLAINTIFF'S rights and claims in the Worker's Comp Case. The disputes released by PLAINTIFF include, but are not limited to, any and all disputes against DEFENDANTS concerning Plaintiff's employment with or arising from Plaintiffs' employment with the DEFENDANTS and their direct and indirect affiliates. The disputes released by PLAINTIFF herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, statute, or any other basis, provided they arise out of alleged acts concerning Plaintiff's employment and occurring before the effective date of this Agreement. This release includes all disputes arising out of alleged acts occurring before the effective date of this Agreement by which PLAINTIFF could seek equitable relief, actual compensatory, consequential, punitive, special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

The disputes released by PLAINTIFF include any and all disputes she has or may believe to have against DEFENDANTS arising out of alleged acts occurring before the effective date of this Agreement under any federal, state, local, or foreign statute or regulation, including, those relating to unfair or discriminatory employment practices (for example, employment discrimination

based on race, national origin, marital status, sex, sexual harassment, religion, age, disability, or handicap) of any kind under the Federal Civil Rights Acts of 1866, 1871, 1964, and 1991 (including Title VII), the Fair Labor Standards Act, the Age Discrimination in Employment Act of 1967, the Federal Americans With Disabilities Act, the Federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, the New York City Charter and Administrative Code, Title VIII (the "New York City Human Rights Law"), § 8-107 *et seq.*, the New York Civil Rights Law, New York Civil Rights Law § 1 *et seq.*, the New York Equal Pay Law, New York Labor Law §§ 143, 161, 162, 194-198, 652, 663, and any regulations promulgated thereunder, the New York Whistleblower Law, New York Labor Law § 740 *et seq.*, the New York Legal Activities Law, New York Labor Law § 201-d, the New York occupational safety and health laws, the New York wage-hour and wage-payment laws, federal statutes regarding "whistleblower" activities, New York Workers' Compensation Law § 120 (excluding PLAINTIFF'S claims in the Worker's Comp Case), the Federal Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Fair Credit and Reporting Act, the Federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), the Victims of Trafficking and Violence Protection Act of 2000 and any other federal and state employment-related statutes and regulations, and any other employment-related local ordinance.

4.  **No Lawsuits or Claims.**

PLAINTIFF promises and agrees not to institute, initiate or to have instituted or initiated on her behalf individually, jointly or collectively any lawsuit or claim against DEFENDANTS with respect to any alleged acts occurring before the effective date of this Agreement. PLAINTIFF agrees that with respect to the claims she is waiving, she is waiving not only her right to recover

money or other relief in any action that she might institute but also that she is waiving her right to recover money or other relief in any action that might be brought on her behalf by any other person or entity, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC"),the United States Department of Labor, the New York State Division of Human Rights, the New York City Commission On Human Rights, the New York State Department of Labor, the New York State Workers' Compensation Board (except to the extent permitted as per paragraph 3 above.) or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court. .

5.      **No Disputes Pending or Assigned by PLAINTIFFS**

PLAINTIFF represents that she does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against DEFENDANTS, other than the Action and the Worker's Comp Case cited above. PLAINTIFF represents and agrees that she will not hereafter pursue, initiate, or cause to be instituted any dispute arising out of alleged acts occurring before the effective date of this Agreement against DEFENDANTS. PLAINTIFF further represents that she has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by her herein. Plaintiff agrees that the terms of this Agreement are fair and reasonable and Plaintiff agrees, that if she is asked by a Court, in the context of a FLSA proceeding, to confirm that the terms of this Agreement, as applied to the Plaintiff are fair and reasonable, she will testify that such are fair and reasonable. Plaintiff agrees that any compromises reached in achieving this Agreement further the implementation of the Fair Labor Standards Act in the workplace. Plaintiff further agrees that litigation of the FLSA aspects of the Action to final decision could result in a denial of all claims, as factual disputes exist as to the validity of Plaintiff's claims,

including but not limited to the issue of whether Plaintiff was paid the statutory minimum wage, whether Plaintiff was paid the statutory minimum overtime wage and whether the tip pooling arrangement met the requirements of a fair and lawful tip pooling arrangement under the FLSA and/or the applicable State statutes. Plaintiff agrees that if asked in the context of an FLSA matter concerning the above matters, she would testify that the payments made herein more than satisfy all statutory minimum wage claims and overtime claims she contends to be owed and that as to the tip pooling arrangement at each of the Defendants' facilities, she would testify that all those who participated in the pool, including cashiers, order takers, and kitchen personnel, during the course of any particular shift, performed duties of a traditional tipped employee, including, but not limited to bussing tables, taking orders and/or serving. Nonetheless, all parties agree that extended litigation of the claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses. All parties agree that they have been assisted by competent and able counsel and agree that the terms of this Agreement resulted from arm's length negotiations with their respective counsel. The parties agree to jointly petition the Court for approval of the terms of this settlement.

6. **Confidentiality of this Agreement and its Terms by the Plaintiffs.**

   Intentionally left blank.

7. **Non-Disparagement.**

   Plaintiff agrees that she will not make any untruthful comments that will disparage the Defendants or any of its present or past officers or employees. Defendants agree that they will not make any untruthful comments that will disparage Plaintiff. Nothing contained in this provision shall limit Plaintiff's rights to discuss her FLSA claims.

8. **No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFFS.

9. **Cessation of Employment.**

PLAINTIFF hereby agrees and acknowledges that her employment with any of the DEFENDANTS ceased.

10. **Consent to Jurisdiction.**

The parties consent to the jurisdiction of a court of competent jurisdiction covering Queens County, New York for any disputes arising out of this agreement. Should any party commence an action to enforce this Agreement, service of a summons and complaint may be made by registered or certified mail to such addresses as the parties shall provide upon the signing of this Agreement. Service shall be deemed to have been made five days after mailing, regardless of whether the recipient has signed or returned the registered mail or certified mail receipts. Copies of all pleadings on a party pursuant to this paragraph must be sent to counsel of record for that party in this action.

11. **Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The parties hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

12. **Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the

invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

13. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

14. **Waiting Period, Right of Revocation, Effective Date.**

The PLAINTIFF acknowledges that she has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that she has been given the opportunity and, in fact, has consulted with an attorney. All parties acknowledge that they have had an opportunity of at least Twenty-One (21) days (or Forty-Five (45) days if this is a group or class settlement) to receive advice about the terms and legal effects of this Agreement from counsel of their choosing, including advice as to the waiver of all rights under the FLSA. The parties hereby represent that they have consulted their attorney(s) about this Agreement before signing it. PLAINTIFF shall have seven (7) days from his signing of this Settlement to revoke the Settlement. Notice of revocation must be postmarked no later than seven days from the date of signing and sent to DEFENDANTS' attorneys: Raab, Sturm & Ganchrow, LLP. 2125 Center Avenue, Fort Lee, New Jersey 07024.

16. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations,

promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by PLAINTIFF and DEFENDANTS. PLAINTIFF states that her attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

17.  **Execution in Counterparts.**

This Agreement may be executed in counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single Agreement.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

THE PARTIES AFTER DUE CONSIDERATION ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

LEYLA GALLARDO

_/s/ Leyla Gallardo_

Address: 108-21 48TH AVE., 1ST FL., CORONA, NY 11368

STATE OF NEW YORK )
) ss:
COUNTY OF Queens )

On this 30th day of January 2018 before me personally came Layla Gallardo known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_/s/_
Notary Public
Dated: Jan 30, 2018

JIAN HANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 20__

PSChicken Inc., d/b/a La Casa del Pollo Peruano and Percy Tan,

_/s/_
By: Percy Tan, individually and on behalf of the corporation

Raab, Sturm & Ganchrow LLP.

_/s/_
By: Ira A. Sturm
Attorney for Defendants
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024

Hang & Associates, PLLC

_/s/_
By: Phillip H. Kim, Esq.
Attorneys for Plaintiff
136-20 38th Ave., Suite 10G
Flushing, New York 11354

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Leyla Gallardo, individually and on
behalf of all other employees similarly
situated,

          Plaintiff,

  - against -

PSChicken Inc., d/b/a La Casa del Pollo
Peruano, Percy Tan, and Ernesto Fernandez,

          Defendants.
-------------------------------------------------------------X

Stipulation of Dismissal With Prejudice

Docket No. 17-3702(PKC)(RML)

The undersigned counsel for the respective parties hereby stipulate to the dismissal of the instant action, **with** prejudice, each side to bear its respective costs and attorney's fees.

Raab, Sturm & Ganchrow LLP.

By: Ira A. Sturm
Attorney for Defendants
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024

Hang & Associates, PLLC

By: Phillip H. Kim
Attorneys for Plaintiff
136-20 38th Ave., Suite 10G
Flushing, New York 11354.